FAIR FINANCE CO., APPELLANT, v. FOURCO, INC., APPELLEE,

[Cite as Fair Finance Co. v. Fourco, Inc., 14 Ohio App. 2d 145.]

(No. 6134—Decided May 22, 1968.)

*Messrs. Alpeter, Diefenbach, Davies, Shaffer, Koerber & Lewis,* for appellant.

*Mr. Archie W. Skidmore,* for appellee.

HUNSICKER, J. In this appeal on questions of law, the plaintiff, Fair Finance Company (appellant here), says it purchased from the defendant, Fourco, Inc. (appellee here), a certain promissory note which was endorsed "without recourse" and delivered to the Fair Finance Company. When Fair Finance Company sought to collect on the note from the maker thereof, it was determined by the trial court in a hearing that, at the time of transfer from Fourco, Inc., to Fair Finance Company, the amount due on the note was $1,361.96 less than the amount represented to Fair Finance Company as the amount due on such note, and $1,361.96 less than Fair Finance Company paid Fourco, Inc., for such promissory note.

An action to recover the claimed overpayment was instituted by Fair Finance Company against Fourco, Inc.; the case was tried on written stipulations of fact and sub-

mitted in this manner to the trial court. That court submitted written findings and, thereafter, a journal entry of judgment was entered. That journal entry, in its pertinent part, says:

. "It is the finding of the court that the defendant at the time of endorsing the note without recourse had no notice of usury by the maker of this note; that the defendant having transferred without recourse is not liable to the plaintiff."

Fair Finance Company said, in its petition, that the computation of the balance due on the note was not shown to it before the purchase of that note. Fourco, Inc., said, in its answer, that the computation of the balance was indicated to Fair Finance Company.

The written stipulations in this case say, in part, that:

10. "The trial court found that the correct balance due as of date of purchase was thirty thousand three hundred sixty-four dollars and four cents ($30,364.04). A copy of the journal entry in this case is marked Exhibit B and made a part of this stipulation."

14. "Neither the plaintiff nor the defendant was aware of the matter or issue of the computation of the balance due until the same was raised by Anthony Mauro and as subsequently then determined by Judge Colopy in the case referred to in stipulation number 7."

Is this, then, a matter which is provided for in the Uniform Commercial Code?

Section 1303.53, Revised Code (U. C. C. 3-417), says, in part:

"* * *

" (B) Any person who transfers an instrument and receives consideration warrants to his transferee and if the transfer is by indorsement to any subsequent holder who takes the instrument in good faith that:

" * * *

" (4) no defense of any party is good against him; and

" * * *

" (C) By transferring 'without recourse' the transferor limits the obligation stated in division (B) (4) of this

section to a warranty that he has no knowledge of such a defense.''

By stipulation number 14, Fair Finance Company admits that Fourco, Inc., had no knowledge of the defense of improper computation until after an attempt to obtain payment by court action against the maker was instituted. There is no claim of fraud in the sale and purchase of this promissory note. Counsel for the Fair Finance Company, in their statements to the trial court and to this court, said: ''We do claim unintentional misrepresentation.'' This claim of misrepresentation arises from the fact that interest on the note was calculated by the vendor, Fourco, Inc., at the beginning of the interest period and taken in advance instead of at the end of the interest period.

Is the claim of ''unintentional misrepresentation'' such that it is exempt from the provisions of Section 1303.53 (B) (4) and (C), Revised Code, set out above? We find no reported cases in Ohio, or elsewhere, interpreting this section of the Uniform Commercial Code. Counsel have cited several cases from other jurisdictions, which bear on the question, although all were decided prior to the adoption of the Uniform Commercial Code, and all seemed to stress the question of usury, which increased the face value of the note.

The vendor in the instant case, Fourco, Inc., used its own printed note to obtain the written promise of the maker. The terms of that note concerning the computation of interest were its handiwork. The computation of interest was not made by the maker but by the vendor of the note who now wishes, because of its own error and improper computation of interest, to be relieved of liability because of the endorsement ''without recourse.'' Is this such a lack of knowledge of a defense as releases the vendor-endorser from liability? We think it is not, for we believe that where an endorsement of a promissory note ''without recourse'' is made by a vendor-payee, who computes the interest incorrectly in determining the face value of that note at the time of sale, and where the form of note and terms thereof are those of the vendor-payee, such vendor-payee has

148

knowledge of that wrongful computation, and the defense arising therefrom, within the terms of Section 1303.53 (C), Revised Code.

It is the conclusion of this court that the judgment must be reversed, and, as there is no dispute as to the facts, final judgment shall be ordered entered herein for the appellant, Fair Finance Company, for the amount admitted by the parties hereto as being the improper computation of interest by Fourco, Inc.

Judgment reversed and final judgment for the appellant.

*Judgment reversed.*

BRENNEMAN, P. J., and DOYLE, J., concur.